UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHASHIKANT PATEL,

          Plaintiff,

v.                             Case No. 15-11353
                                  HON. TERRENCE G. BERG
UNITED STATES CITIZENSHIP AND   HON. STEPHANIE D. DAVIS
IMMIGRATION SERVICES,

          Defendant.

_____/

**OPINION AND ORDER GRANTING
<u>DEFENDANT'S MOTION TO DISMISS (DKT. 5)</u>**

In this case, a non-U.S. citizen is asking the Court to overturn a decision by the United States Citizenship and Immigration Services ("USCIS"). Specifically, Plaintiff Shashikant Patel challenges as arbitrary and capricious the decision by Defendant USCIS to deny his application for employment authorization. On February 2, 2015, Plaintiff filed a Form I-765 seeking "permission to accept employment" on the ground that he had a Form I-485 application for adjustment of immigration status pending before the Executive Office of Immigration Review. (*See* Dkt. 5, Ex. F.) On March 16, 2015, USCIS denied Plaintiff's Form I-765 application for failure to establish eligibility. (*See* Dkt. 5, Exs. F, G.) Plaintiff filed this complaint on April 14, 2015 seeking judicial review of the decision pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. (Dkt. 1, ¶ 1.)

Defendant now moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff lacks constitutional standing, without which the

Court has no subject matter jurisdiction over his claim; and under Federal Rule of Civil Procedure 12(b)(6), asserting that the complaint fails to state a claim upon which relief can be granted. (*See* Dkt. 5.) The motion is fully briefed and a hearing was held in this matter on November 18, 2015 in Detroit, Michigan. (*See* Dkts. 9, 10, 13.) After careful review of the entire record, the briefs of the parties, their arguments at the hearing, and the relevant legal authorities, the Court concludes that Defendant's motion to dismiss (Dkt. 5) should be **GRANTED** for the reasons set out below.

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a native and citizen of India who currently lives in North Muskegon, Michigan. (Dkt. 1, ¶ 2.) He first entered the United States in October 1999 as a B-2 nonimmigrant authorized to remain in the country for one year, until October 2000. (Dkt. 5, Ex. A, p. 2.) However, Plaintiff overstayed his visa and began to seek employment. (*Id.*)

### A. Obtaining Employment-Based Permanent Residency

Under the Immigration and Nationality Act ("INA"), a non-citizen skilled worker can seek to become a permanent resident of the United States by obtaining an employment visa through a three-step process which requires action by both the non-citizen and his or her employer. *See Matovski v. Gonzalez*, 492 F.3d 722, 726–27 (6th Cir. 2007). The first two steps must be taken by the employer. First, the employer must file an application with the Department of Labor ("DOL") for labor

certification stating that there are insufficient qualified, able, and willing U.S. workers to fill the position. 8 U.S.C. § 1153(b)(3)(C); 1182(a)(5)(A)(i)(I).

Second, once the labor certification has been obtained, the employer must file a petition with USCIS for an employment visa on behalf of the non-citizen employee. This petition for an employment visa is called a Form I-140 petition. 8 U.S.C. § 1154(a)(1)(F); 8 C.F.R. § 204.5(a). A Form I-140 petition filed on behalf of a skilled worked will be approved if, among other things, the employer has obtained valid labor certification and the non-citizen employee has at least two years of relevant training or experience. 8 U.S.C. § 1153(b)(3)(A)(i); 8 C.F.R. § 204.5(l).

The third and final step must be taken by the individual seeking employment. While the employer's Form I–140 petition is pending (or after it has been approved), the non-citizen employee must file a Form I-485 to apply to adjust his or her status to that of a permanent resident. 8 U.S.C. § 1255; 8 C.F.R. § 245.2(a)(3)(ii). It is possible for the non-citizen to file the Form I-485 application (for adjustment of status) at the same time that the Form I-140 petition (for employment visa) is filed.[1]

Once the employer and the applicant have completed all three steps, two conditions must be met for USCIS approval: the applicant "must be eligible to receive an immigrant visa and is admissible to the United States for permanent

---

[1] In July 2002, USCIS created a rule that allows "concurrent filing" of the Form I-140 Petition for Alien Worker and the Form I-485 Adjustment of Status Application. *See* 67 Fed. Reg. 49,561 (July 31, 2002), *codified at* 8 C.F.R. § 245.2(a)(2)(i)(B). Previously, the Form I-140 had to be approved before a Form I-485 could be filed. Plaintiff took advantage of the concurrent-filing rule in this case.

residence"[2] and "an immigrant visa is immediately available to him at the time his application is filed."[3] 8 U.S.C. § 1255(a). Approval of the I-485 application for adjustment of status is therefore contingent upon approval of the employer's I–140 petition for an employment visa. *See* 8 C.F.R. § 245.2(a)(2)(i).

## B. Plaintiff's Applications for Employment-Based Permanent Residency

Plaintiff has twice attempted to obtain permanent resident status through this process. In 2006, employer Deluxe Inn, seeking to hire Plaintiff as a lodging manager, applied and was granted labor certification from the DOL. (Dkt. 1, ¶ 6.) On August 16, 2007, Deluxe Inn filed a Form I-140 petition for an employment visa on Plaintiff's behalf and Plaintiff filed a Form I-485 application to adjust his residential status. (*Id.* at ¶ 7-9.) USCIS denied Deluxe Inn's Form I-140 petition on April 30, 2009 and, as a result, Plaintiff's Form I-485 application was denied on June 10, 2009. (*Id.* at ¶¶ 9, 10.) The Department of Homeland Security initiated removal proceedings against Plaintiff on August 30, 2009. (*Id.* at ¶ 11.)

On February 3, 2010, while removal proceedings were pending, Peshtal, Inc. filed a Form I-140 petition on Plaintiff's behalf. (*Id.* at ¶ 12.) Peshtal, Inc., like

---

[2] An applicant can be "eligible to receive an immigrant visa" through a family member, a job offer or employment, refugee or asylum status, or a number of other special provisions. *See* USCIS, *Green Card Eligibility*, https://www.uscis.gov/green-card/green-card-processes-and-procedures/green-card-eligibility (last updated: Mar. 30, 2011). Whether an applicant is admissible depends on the particular category under which the applicant seeks to immigrate. *Id.* Possible grounds for inadmissibility could be health, criminal, or security-related. *Id.*

[3] Where an applicant like Plaintiff seeks to immigrate under an employment-based preference category, visa availability is determined by: (1) the applicant's priority date assigned based on the immigrant petition filing date or the date the Department of Labor accepts an application for a labor certification; (2) the preference category the applicant is immigrating under; and (3) the country, usually the applicant's country of citizenship, the visa will be charged to. *See* USCIS, *Green Card Eligibility*, https://www.uscis.gov/green-card/green-card-processes-and-procedures/green-card-eligibility (last updated: Mar. 30, 2011). Taken together, the three pieces of information determine how long an applicant will wait for a visa to be "immediately available". *Id.*

4

Deluxe Inn, sought to hire Plaintiff as a lodging manager. (*Id.*) Peshtal, Inc., however, did not obtain its own labor certification before filing the Form I-140 petition; instead, Peshtal, Inc. attached the labor certification obtained by Deluxe Inn in 2006, effectively skipping step one. (*See* Dkt. 5, Ex. B, p. 3.) When Plaintiff appeared in immigration court that same day, he requested and was granted a continuance to allow USCIS time to consider Peshtal, Inc.'s newly-filed Form I-140 petition. (Dkt. 5, Ex. A, p. 3.)

On July 26, 2010, USCIS denied Peshtal, Inc.'s Form I-140 petition because it had no supporting labor certification. (Dkt. 1, ¶ 13.) Over the next nine months, Plaintiff requested and was granted additional continuances by the immigration judge until his April 13, 2011 hearing, when the immigration judge ordered Plaintiff removed to India after deciding that no good cause existed to delay the proceedings any further. (Dkt. 5, Ex. A, pp. 4-7.) The immigration judge based her decision to remove Plaintiff in part on "a determination that [Plaintiff] is not an eligible beneficiary of an intended employment-based immigrant visa petition." (*Id.* at 5.)

The reason Plaintiff was not an eligible beneficiary of an employment-based immigrant visa petition was because, as stated, USCIS denied Peshtal, Inc.'s Form I-140 petition for an employment visa on July 26, 2010 because Peshtal, Inc. had not completed step one of the process by obtaining its own labor certification prior to filing the petition.[4] (Dkt. 1, ¶ 13.) In short, Plaintiff, since beginning the process to

---

[4] Plaintiff has challenged this decision to deny Peshtal Inc.'s  Form I-140 petition as arbitrary and capricious in a lawsuit pending in the Western District of Michigan. *Patel v. United States Citizenship and Immigration Services*, No. 10-cv-1047, (W.D. Mich.), Dkt. 1. Plaintiff's May 13, 2014 motion for summary judgment remains pending as of the date of this Order. *Id.*, Dkts. 25-27.

become a permanent resident, has had two Form I-140 petitions filed on his behalf (Deluxe Inn and Peshtal, Inc), and has filed one Form I-485 application (concurrently with Deluxe Inn's petition). Neither of the two Form I-140 petitions for employment visas filed on Plaintiff's behalf has ever been approved, and Plaintiff has had no Form I-140 petition pending since July 26, 2010. (*See id.* at ¶¶ 9, 13.)

On August 5, 2010, ten days after USCIS denied Peshtal, Inc.'s Form I-140 petition, Plaintiff filed notice with the immigration court that he was renewing his previously-denied 2007 Form I-485 application for adjustment of status.[5] (Dkt. 5, Ex. B.) The immigration judge did not address Plaintiff's Form I-485 application at the April 13, 2011 hearing, however; the judge held that she had no jurisdiction over whether to grant Plaintiff an immigrant visa, stating that:

> [I]n this case, there has been a determination that [Plaintiff] is not an eligible beneficiary of an intended employment-based immigrant visa petition. There is no visa. There is simply a labor certification which has not been allowed to transfer from one petitioner to another…[6]

(Dkt. 5, Ex. A, pp. 5-6.)

---

[5] A Form I-485 application that has been denied can be renewed during removal proceedings by applicants who are eligible or become eligible for adjustment of status. *See* 8 C.F.R. § 1245.2(a)(5)(ii) and (a)(2)(i)(A). Typically, a Form I-485 application is filed with USCIS, but if removal proceedings are pending, the immigration judge "has exclusive authority to adjudicate any application for adjustment of status." 8 C.F.R. § 1245.2(a)(1)(i). "Petitioning for adjustment of status is a defense in removal proceedings." *Luevano v. Holder*, 660 F.3d 1207, 1214 (10th Cir. 2011); *see also Lacey v. Gonzales*, 499 F.3d 514, 519 (6th Cir. 2007).

[6] While immigration judges have jurisdiction to determine whether there has been an equivalent employment change under INA § 204(j), *see Matter of Al Wazzan*, 25 I. & N. Dec. 359, 362 (2010), they do not have jurisdiction to reinstate a properly-revoked visa petition under 8 U.S.C. § 1155, *see Herrera v. U.S. Citizenship and Immigration Servs.*, 571 F.3d 881, 888 (9th Cir. 2009) (noting that Congress did not intend § 204(j) to constrain the agency's revocation authority).

Plaintiff appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"), but the appeal was dismissed on October 19, 2012.[7] (Dkt. 5, Ex. C.) Plaintiff then appealed the BIA's determination to the Sixth Circuit. (Dkt. 5, Ex. D.) Before the Sixth Circuit could reach the merits of Plaintiff's claim, however, the Attorney General sought remand of the case to the BIA for administrative closure. (*Id.* at 2.) The motion was granted and the case remanded on January 8, 2014. (*Id.*) Plaintiff's removal proceedings were administratively closed on April 7, 2014 but can be reinstated by either party at any time. (Dkt. 5, Ex. E.)

## C. Plaintiff's Application for Work Authorization (Form I-765)

On February 2, 2015, approximately ten months after removal proceedings against him had been administratively closed, Plaintiff filed a Form I-765 application for employment authorization. (Dkt. 5, Ex. F.) A Form I-765 application for employment authorization provides a means for non-citizens who have either a non-immigrant visa or a pending visa application to apply for temporary employment during their adjudication period.[8]

---

[7] On appeal, Plaintiff's Counsel did not challenge the immigration judge's refusal to consider Plaintiff's renewed Form I-485 application. (*See* Dkt. 5, Ex. C, p. 4.) The only issue Plaintiff's Counsel raised on appeal "is whether the Immigration Judge erred in denying [Plaintiff's] request for an indefinite continuance to await the decision of the District Court (W.D. MI) regarding the review of a denial by [USCIS] of [Plaintiff's] employment-based visa petition (Form I-140)." (*Id.*) At the hearing on this motion, Plaintiff's Counsel stated that he did not raise the issue of the renewed Form I-485 application with the immigration judge during Plaintiff's removal proceedings either.

[8] Form I-765 is used by foreign nationals in the United States with certain nonimmigrant visas or pending immigration applications that allow for temporary employment during their adjudication period. *See* United States Citizenship and Immigration Services, *I-765, Application for Employment Authorization,* http://www.uscis.gov/i-765 (last updated Sept. 21, 2015). An applicant such as Plaintiff who has filed for adjustment of status must include with his or her Form I-765 "a copy of the receipt notice or other evidence that your Form I-485, Application for Permanent Residence or

Plaintiff included with his application a cover letter asserting that he is "fully eligible for employment authorization in the (c)(9) category"[9] because: (1) he properly renewed his Form I-485 application for adjustment of status with the immigration court in Detroit; and (2) this Form I-485 application remains pending with the Executive Office of Administrative Review because "there has not been a decision issued on [the application]" or a "final decision in his removal proceedings." (*Id.* at 3-4.) Plaintiff based the renewal of his Form I-485 application on the Deluxe Inn Form I-140 petition that USCIS had denied in 2009. (Dkt. 5, Ex. B, p. 3.)

Plaintiff's Form I-765 application was denied without prejudice on March 16, 2015 by USCIS. (Dkt. 5, Ex. G.) USCIS explained that Plaintiff's application had to be denied pursuant to 8 C.F.R. § 274a.12(c)(9) because his "application for adjustment of status [Form I-485] to that of lawful permanent resident has been denied and therefore, is no longer pending before USCIS." (*Id.*) In other words, without a pending or approved Form I-485 application, Plaintiff was not eligible to file a Form I-765 application. (*See id.*) Plaintiff was not barred from filing another Form I-765 application "under any category for which [Plaintiff] may qualify." (*Id.*)

As stated, Plaintiff's Form I-485 application for adjustment of immigration status was denied in 2009 because the Deluxe Inn Form I-140 petition for

---

Adjust Status, is *pending*." United States Citizenship and Immigration Services, *Form I-765 Instructions*, OMB No. 1615-0040, p. 5 (Feb. 13, 2015) (emphasis added) *available at* http://www.uscis.gov/sites/default/files/files/form/i-765instr.pdf.

[9] The "(c)(9) category" refers to a specific eligibility category established for those applicants filing for permission to work based on a pending application for adjustment of status (Form I-485). *See* 8 C.F.R. § 274a.12; *see also* United States Citizenship and Immigration Services, *Employment Authorization*, http://www.uscis.gov/working-united-states/information-employers-employees/employer-information/employment-authorization (last updated Jan. 27, 2015).

employment visa upon which it was based had also been denied about two months earlier. (Dkt. 1, ¶¶ 9, 10.) Plaintiff argues, however, that Deluxe Inn's Form I-140 petition for an employment visa is in reality still valid and he was therefore eligible to renew his Form I-485 application for adjustment of status during his removal proceedings. (*See* Dkt. 5, Ex. B, p. 3.) In particular, Plaintiff asserts that because this Form I-140 petition was denied "more than 180 days after [Plaintiff's] application for adjustment of status [Form I-485] was filed, the Form I-140 petition remains valid with respect to the new job [with Peshtal, Inc.]." (*Id.*) Plaintiff's argument is that Deluxe Inn's Form I-140 petition is still valid and because the immigration judge has not yet adjudicated or even addressed Plaintiff's *renewed* Form I-485 application, Plaintiff's renewed application is still pending. (*See id.*)

Plaintiff contends that the denial of the Deluxe Inn Form I-140 petition lacks validity because his Form I-485 petition to adjust status was unadjudicated for more than 180 days. (*See id.*)  Plaintiff rests this argument on the plain language of INA § 204(j), the so-called portability provision,[10] which states in relevant part:

> A petition under subsection (a)(1)(D)[11] for an individual whose application for adjustment of status pursuant to section 245 has been filed and remained unadjudicated for 180 days or more shall remain valid with respect to a new job if the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the petition was filed.

[10] This provision allows employment-based green card applicants to "port" their valid Form I-140 petitions to a new employer under certain circumstances. *See* INA § 204(j).

[11] Re-designated as subsection 204(a)(1)(F). *See* INA § 204(j); 8 U.S.C. § 1154(j).

INA § 204(j); 8 U.S.C. § 1154(j). Pursuant to this statute, if a Form I-485 application for adjustment of immigration status is not adjudicated within 180 days, the underlying I-140 petition for employment visa remains valid if the immigrant changes jobs, so long as the immigrant stays in the same or similar occupational classification. *Id.*

Plaintiff maintains that the 2007 Deluxe Inn Form I-140 petition is still valid and he can thus base his renewed Form I-485 application on this petition because his Form I-485 application was pending for more than 180 days before it was denied. Accordingly, Plaintiff asserts that (1) he was eligible to renew the Form I-485 application upon which his Form I-765 application for work authorization is based; and (2) his renewed Form I-485 application is still pending because it has not been adjudicated by the immigration judge. (*See* Dkt. 5, Ex. B.) For these reasons, Plaintiff contends that USCIS wrongly denied his Form I-765 application.[12]

Plaintiff filed a complaint pursuant to 5 U.S.C. § 702 on April 14, 2015 challenging the denial of his Form I-765 application as arbitrary and capricious. (Dkt. 1, ¶ 1.) Plaintiff's sole request for relief is that the Court "hold unlawful and set aside" the denial of his Form I-765 application for work authorization. (*Id.* at 9.) Defendant answered the complaint by filing its motion to dismiss on June 18, 2015. (Dkt. 5.)

---

[12] At the hearing, Plaintiff's Counsel stated that he relied solely on the statutory language in support of this argument despite his acknowledgment that no court that had considered the issue had agreed with his interpretation of this statute.

10

## II.    VENUE

As of the date of this Order, Plaintiff has a case pending in the United States District Court for the Western District of Michigan in which he challenges as arbitrary and capricious the July 26, 2010 decision by USCIS denying Peshtal, Inc.'s Form I-140 petition filed on Plaintiff's behalf during removal proceedings. *Patel v. United States Citizenship and Immigration Services*, No. 10-cv-1047, Dkt. 2 (W.D. Mich.), Dkt. 1. The denial of that Form I-140 petition is not at issue here. As a threshold matter, Plaintiff asserts in the complaint filed in this case that the Eastern District of Michigan is the appropriate venue for challenging the denial of his Form I-765 application because renewed the required Form I-485 application for adjustment of status in immigration court in Detroit, Michigan. (Dkt. 1, ¶ 5.)

In civil actions not based solely on diversity jurisdiction, venue is controlled by 28 U.S.C. § 1391, which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiff maintains that venue is appropriate under 28 U.S.C. § 1391(b)(2). (*See* Dkt. 1, ¶ 5.)

The test for determining venue under § 1391(b)(2) depends on the location of the "events or omissions giving rise to the claim." 28 U.S.C. § 1391(b)(2). Here, although the decision to deny Plaintiff's Form I-765 application for temporary

employment authorization was made by USCIS in Nebraska, the success or failure of Plaintiff's claim rests in significant part on whether he was eligible to renew his Form I-485 application for adjustment of status before the immigration court in Detroit, Michigan.

At the hearing on this motion, both parties agreed that the Eastern District of Michigan is the appropriate venue. Because Plaintiff attempted to renew his Form I-485 application before an immigration judge in Detroit, and the issue of whether that application is still pending is central to whether USCIS's decision to deny Plaintiff's Form I-765 application was arbitrary and capricious, it is clear that "a substantial part of the events or omissions giving rise to the claim occurred" here. Venue therefore properly lies in this district.

## III.   LEGAL STANDARDS

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction because Plaintiff has no constitutional standing; and pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the complaint fails to state a claim upon which relief can be granted. (*See* Dkt. 5.)

### A. Federal Rule of Civil Procedure 12(b)(1) and Standing

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Because a Plaintiff's claims must be dismissed for lack of subject matter jurisdiction where constitutional or prudential standing is lacking, a challenge to a Plaintiff's constitutional or

prudential standing is properly brought as a 12(b)(1) motion. *See Loren v. Blue Cross & Blue Shield of Michigan*, 505 F.3d 598, 607 (6th Cir. 2007) ("If Plaintiffs cannot establish constitutional standing, their claims must be dismissed for lack of subject matter jurisdiction."); *see also American Fed'n of Gov't Emps. v. Babbitt*, 46 F. App'x 254, 256 (6th Cir. 2002) (per curiam) (affirming the dismissal of a claim under Rule 12(b)(1) for lack of prudential standing). Plaintiff bears the burden of proving his standing. *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568 (6th Cir. 2002) (citation omitted).

To maintain this action, Plaintiff must show both constitutional and prudential standing. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377 (2014). Constitutional standing may be established by proof of three elements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) "actual or imminent, not 'conjectural' or 'hypothetical....' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.... Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (all citations omitted).

Prudential standing embodies the "judicially self-imposed limits on the exercise of federal jurisdiction" by limiting the types of claim a Plaintiff can bring. *See United States v. Windsor*, 133 S. Ct. 2675 (2013) (other citations omitted). The rules of prudential standing exist "to protect the courts from 'decid[ing] abstract

questions of wide public significance even [when] other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights.'" *Id.* at 2686 (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)).

To determine the parameters of review, the Court must decide whether the standing challenge is a facial or factual attack on jurisdiction. *Cartwright v. Garner*, 751 F.3d 752 (6th Cir. 2014). As the Sixth Circuit has explained:

> A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis. A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. Plaintiff bears the burden of establishing that subject matter jurisdiction exists.

*Cartwright*, 751 F.3d at 760 (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).

Defendant argues that Plaintiff lacks constitutional standing because, as a matter of law, he is ineligible for the benefit he seeks and cannot show any redressable injury. Defendant's motion thus presents a factual attack on this Court's subject matter jurisdiction.

## B. Federal Rule of Civil Procedure 12(b)(6)

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in

the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to the Plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the Plaintiff. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228–29 (6th Cir. 1997) (quoting *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

"However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Tatum*, 58 F.3d at 1109; *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009). "To survive a motion to dismiss, [a Plaintiff] must plead enough factual matter that, when taken as true, state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotations omitted). Plausibility requires showing more than the "sheer possibility of relief but less than a probab[le] entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In ruling on a motion to dismiss, the Court primarily considers the

allegations in the complaint; although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed part of the pleadings). Where "the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner*, 108 F.3d at 89.

## IV.   DISCUSSION

USCIS denied Plaintiff's Form I-765 application for authorization of temporary employment because there was no approved or pending Form I-485 application for adjustment of immigration status upon which to base its approval. (*See* Dkt. 5, Ex. G.) Plaintiff claims that this decision is erroneous because: (1) he was statutorily eligible to renew and did renew his Form I-485 application before the immigration court; and (2) his Form I-485 application is still pending because no decision has issued on its merits and there is no final decision as to his removal. (*See* Dkt. 1, ¶¶14, 21-24, 30.) USCIS thus had no basis for denying Plaintiff's Form I-765 application.

16

Defendant, in its motion to dismiss, argues that USCIS's denial is proper. In essence, Defendant maintains that Plaintiff was not eligible to renew his Form I-485 application when he attempted to do so because there was no approved or pending Form I-140 petition filed on his behalf at that time or since. (Dkt. 5, p. 12.) USCIS was therefore correct in stating that the only Form I-485 application for Plaintiff that was ever pending before USCIS had been denied. (*Id. at* 14-15.) Accordingly, Defendant argues that Plaintiff lacks constitutional standing and has failed to state a claim upon which relief can be granted. The Court will address these arguments in turn.

## A. Plaintiff has Constitutional and Prudential Standing

Defendant maintains the Plaintiff lacks constitutional standing in this matter given that Plaintiff "cannot show any redressable injury because he is ineligible, as a matter of law, to receive employment authorization." (*Id.* at 8-9.) Plaintiff is silent on this issue of standing in his response brief, despite bearing the burden of establishing subject matter jurisdiction. *Cartwright*, 751 F.3d at 760 (citing *Ritchie*, 15 F.3d at 598). Instead, Plaintiff responds that this Court is barred by the *Chenery* doctrine[13] from considering any of Defendant's arguments and regardless Plaintiff properly renewed his Form I-485 application because he had a

---

[13] Under the *Chenery* doctrine, a reviewing court should not uphold an administrative action based on reasons different from those given by the agency. *See SEC v. Chenery Corp.,* 318 U.S. 80, 88–89 (1943); *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947); *see also INS v. Ventura,* 537 U.S. 12, 16–17 (2002); *Shkabari v. Gonzales,* 427 F.3d 324, 327–28 (6th Cir. 2005); *Japarkulova v. Holder*, 615 F.3d 696, 701 (6th Cir. 2010). Even when the agency's reasoning is inadequate, however, its decision may be upheld on the basis of harmless error if the Plaintiff's prospects are otherwise so weak that there is no "reason to believe that ... remand might lead to a different result." *Japarkulova*, 615 F.3d at 701 (quoting *Shkabari*, 427 F.3d at 328 (quotation marks omitted)).

right to do so. (Dkt. 9, pp. 2-6, 12-24.) Plaintiff's standing and by extension this Court's subject matter jurisdiction, however, are threshold matters that must be resolved before the Court may reach the merits of Plaintiff's claim.

Article III or constitutional standing requires that Plaintiff "plead a concrete, particularized, and imminent injury in fact caused by the defendant that a favorable judicial outcome would likely remedy." *Kroll v. White Lake Ambulance Auth.*, 691 F.3d 809, 813 (6th Cir. 2012.) In other words, Plaintiff must establish that he has suffered an injury in fact caused by USCIS's conduct that a favorable decision of this Court can redress. Plaintiff has established the first two requirements – his Form I-765 application was denied by USCIS and he thus remains subject to removal proceedings. The remaining question, then, is whether "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 793 (6th Cir. 2009).

Plaintiff's constitutional and prudential standing[14] was recently addressed by the Sixth Circuit in the context of Plaintiff's Western District of Michigan case. In

---

[14] The parties do not contest Plaintiff's prudential standing. The prudential standing test "is not meant to be especially demanding." *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 132 S. Ct. 2199, 2210 (2012) (quoting *Clarke v. Securities Industry Assn.*, 479 U.S. 388, 399 (1987)). The APA provides that a "person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. If a Plaintiff's interests are arguably within the "zone of interests" to be protected by a statute, the prudential showing requirement is satisfied. *Patchak*, 132 S. Ct. at 2210. The requisite showing is not made where a Plaintiff's interests are "so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." *Clarke*, 479 U.S. at 399. Here, pursuant to 8 C.F.R. § 274a.12(c):

> An alien within a class of aliens described in this section must apply for work authorization. If authorized, such an alien may accept employment subject to any restrictions stated in the regulations or cited on the employment authorization document.

that case, USCIS filed a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6), arguing in relevant part that Plaintiff lacked prudential standing because he was asking the Court to review the denial of a petition that his employer had filed on his behalf. *Patel*, No. 10-cv-1047 (W.D. Mich.), Dkt. 7. The District Court granted USCIS's motion without reaching the merits of Plaintiff's complaint. The court held that Plaintiff did not have prudential standing to appeal the agency's denial of a petition that had been filed by his third-party employer and also cast doubt on whether Plaintiff had constitutional standing, suggesting that Plaintiff could not satisfy the redressability prong. *Id.*, Dkt. 15.

Plaintiff appealed, and the Sixth Circuit reversed. Although the Court of Appeals focused primarily on Plaintiff's prudential standing, the panel also resolved the question of constitutional standing in Plaintiff's favor:

> [Plaintiff] "lost a significant opportunity to receive an immigrant visa" when the CIS denied Peshtal Inc.'s petition on grounds that Patel says were arbitrary. *Abboud v. INS*, 140 F.3d 843, 847 (9th Cir.1998). That lost opportunity is itself a concrete injury—and a favorable decision would redress it. Indeed, the record reflects that Peshtal Inc.'s offer of employment to Patel remains open, and the government (to its credit) conceded during oral argument that CIS could grant Peshtal Inc.'s petition if (as Patel contends) the petition's denial was arbitrary and capricious. Patel thus has constitutional standing.

*Patel v. U.S. Citizenship & Immigration Servs.*, 732 F.3d 633, 638 (6th Cir. 2013).

Similarly, in this case, Plaintiff "lost a significant opportunity" – here, an opportunity to obtain work authorization – when USCIS denied his Form I-765 application on allegedly arbitrary and capricious grounds. There is no indication in

---

This provision provides for work authorization for aliens within specified classes. *See id.* An alien within one of the specified classes who applies for work authorization is thus within this provision's "zone of interests" and has prudential standing.

the record that the employment opportunity offered by Peshtal, Inc. is no longer available. This "lost opportunity is itself a concrete injury" that "a favorable decision would redress" because, as Defense Counsel conceded during oral argument, USCIS could grant Plaintiff's Form I-765 application were this Court to find that Plaintiff could and did properly renew his Form I-485 before the immigration court. Accordingly, this Court finds that Plaintiff has standing and will address the merits of Plaintiff's claim.

## B.  Plaintiff's Claim Fails under Rule 12(b)(6)

Although Plaintiff has standing, the Court concludes that Plaintiff's claim cannot survive Defendant's motion to dismiss under Rule 12(b)(6). Plaintiff claims that the decision to deny his Form I-765 application was "arbitrary and capricious." Under the APA, the Court must set aside an agency decision if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *Simms v. National Highway Traffic Safety Admin.*, 45 F.3d 999, 1003 (6th Cir. 1995). Review under the arbitrary and capricious standard is narrow, and the reviewing Court may not substitute its judgment for that of the agency even if the Court might otherwise disagree with the agency's decision. *Simms*, 45 F.3d at 1003; *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 376 (1989).

In reviewing an agency action under the arbitrary and capricious standard, the Court is limited to the administrative record upon which the agency based its decision. *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Agency action may be reversed only if the agency relied on factors that Congress has not intended it to consider,

failed to consider an important aspect of the problem or offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference based on the agency's expertise. *Simms*, 45 F.3d at 1003; *Marsh*, 490 U.S. at 378. Thus, under the APA's arbitrary and capricious standard, the Court should overturn USCIS's decision only if USCIS failed to examine the relevant information *or* to provide an explanation that included a rational connection between the facts and the denial of Plaintiff's Form I-765 application.

Defendant denied Plaintiff's Form I-765 application on March 16, 2015. (Dkt. 5, Ex. G.) In its decision, Defendant relied on 8 C.F.R. § 274a.12(c)(9) in stating that a Form I-765 application must be submitted while a "properly filed Form I-485 application is pending final adjudication." *Id.* Defendant explained that Plaintiff's Form I-765 application had to be denied because his "application for adjustment of status to that of lawful permanent resident has been denied and therefore, is no longer pending before USCIS." *Id.* In other words, USCIS denied Plaintiff's Form I-765 application as a matter of law because it was not submitted either while Plaintiff's Form I-485 application was still pending or after it had been approved.

Plaintiff argues that this decision is arbitrary and capricious because it does not address any of Plaintiff's arguments made in his application cover letter, and in particular Plaintiff's assertion that the Form I-485 application had been properly renewed during his removal proceedings and was still pending when he filed his Form I-765 application. (Dkt. 9, pp. 1, 10.) Plaintiff maintains that he was eligible

to renew his Form I-485 application on the basis of the Deluxe Inn Form I-140 petition. (*See id.* at 17-23.) As Plaintiff's Counsel acknowledged during oral argument, Plaintiff cannot seek an I-485 adjustment of status without a pending, approved, or otherwise valid Form I-140 petition for an employment visa; and without a pending or approved adjustment of status application, Plaintiff is ineligible to file a Form I-765 application. The survival of Plaintiff's claim thus depends on whether the Deluxe Inn Form I-140 petition was still "valid" pursuant to the portability provision of INA § 204(j) when Plaintiff renewed his Form I-485 application during his removal proceedings.

This statute provides that a Form I-140 petition remains "valid" where an applicant's Form I-485 "has been filed and remain[s] unadjudicated for 180 days or more" with respect to "a new job if the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the petition was filed." INA § 204(j). As the Sixth Circuit has explained, the portability provision of INA § 204(j) is "premised on Congress's purpose of providing 'job flexibility for long delayed applicants'" and thus "allows for the portability of the alien's application across different jobs". *Shewchun v. Holder*, 658 F.3d 557, 566 (6th Cir. 2011). This section "broadly applies to an 'individual whose application for adjustment of status ... has been filed and remained unadjudicated for 180 days or more' and who has an approved visa petition." *Perez-Vargas v. Gonzales*, 478 F.3d 191, 195 (4th Cir. 2007).

4:15-cv-11353-TGB-MJH   Doc # 15   Filed 03/01/16   Pg 23 of 30   Pg ID 191

In this case, the relevant chain of petitions and applications began on August 16, 2007 when Deluxe Inn filed a Form I-140 petition on Plaintiff's behalf. (Dkt 1, ¶ 7.) That same day, Plaintiff concurrently filed his Form I-485 application with the Deluxe Inn Form I-140 petition. (*Id.* at ¶ 8.) On April 30, 2009, approximately 623 days after Plaintiff filed his Form I-485 application, USCIS denied Deluxe Inn's Form I-140 petition. (*Id.* at ¶ 9.) Plaintiff's Form I-485 application was denied on June 10, 2009, approximately 665 days after it was filed. (*Id.* at ¶ 10.) According to Plaintiff, Deluxe Inn's Form I-140 petition is still valid pursuant to the plain language of INA § 204(j), even though it was denied in 2009, because his Form I-485 petition was not adjudicated within 180 days of being filed. (*See* Dkt. 5, Ex. B, p. 3.)

As Plaintiff's Counsel conceded during oral argument, no court has yet adopted the interpretation of the portability provision that Plaintiff urges. However in a published "precedent decision," *Matter of Al Wazzan*, 25 I. & N. Dec. 359 (2010), the Administrative Appeals Office ("AAO") first addressed and roundly rejected the argument Plaintiff implicitly makes here.[15] Although neither party cited this

---

[15] Under authority delegated by the Secretary of Homeland Security, the Administrative Appeals Office ("AAO") is an arm of USCIS that exercises appellate jurisdiction over approximately 50 different categories of immigration benefits decisions. USCIS, *The Administrative Appeals Office*, https://www.uscis.gov/about-us/directorates-and-program-offices/administrative-appeals-office-aao/administrative-appeals-office-aao (last updated Oct. 7, 2015). "Precedent decisions" are administrative decisions by the AAO that are selected by the Secretary of the Department of Homeland Security for publication in bound volumes entitled "Administrative Decisions Under Immigration and Nationality Laws of the United States." USCIS, Precedent Decisions, https://www.uscis.gov/laws/precedent-decisions (last updated Sept. 9, 2013). As such, they are binding on the agency. *See* 8 C.F.R. § 103.3(c). Where, as here, an agency's statutory interpretation is communicated via formal adjudication that has the force of law, the interpretation is entitled to substantial deference under *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–44 (1984). *See Navistar, Inc. v. Forester*, 767 F.3d 638, 644 (6th Cir. 2014) ("If the agency's interpretation is contained in a regulation or other form intended to have the force of law, it is entitled to substantial deference under *Chevron*."); *see also Patel v. Johnson*, 2 F. Supp. 3d 108, 120 (D. Mass. 2014) (finding that the AAO's interpretation of § 204(j) in *Al Wazzan* merits *Chevron*

decision in their briefs, it merits a detailed recounting here as instructive and persuasive authority on this question.[16]

In *Al Wazzan*, a Kuwaiti citizen appealed the denial of his Form I-485 application. *Id.* at 359-60. A Form I-140 petition was filed on the applicant's behalf on August 26, 2002, and the applicant filed a Form I-485 application on September 18, 2002 under the concurrent filing process that had been implemented in July 2002. *Id.* at 360. USCIS denied the Form I-140 petition on August 3, 2003, and the Form I-485 application on September 29, 2003 after it had been pending for 376 days. *Id.* at 361. The applicant argued that pursuant to INA § 204(j), his Form I-485 application could not be denied because it had been pending for more than 180 days. *Id.* at 360.

The AAO construed INA § 204(j) and determined "its effect on an application for adjustment of status (Form I-485) if a visa petition (Form I-140) is denied after the application is pending for 180 days." *Id.* at 362. The AAO held that for the Form I-140 petition to be considered "valid," in harmony with related provisions and with the INA as a whole, it must have been filed for an applicant who is entitled to the requested classification *and* the petition must have been approved by USCIS. *Id.* at 367. Simply filing the petition with USCIS or the mere passage of 180 days does not

---

deference). Where "the agency's interpretation of the statute is contained in a more informal medium not intended to have the force of law ... it is afforded a lesser level of deference known as *Skidmore* [*v. Swift & Co.*, 323 U.S. 134, 140, (1944)] deference." *Id.* at 645.

[16] Plaintiff's Counsel did not cite, nor did this Court discover, any federal court case modifying or overturning this decision.

make an unadjudicated immigrant visa petition "valid" pursuant to INA § 204(j).

*Id.*[17]

In reaching its decision, the AAO applied the familiar cannons of statutory

construction.[18] First, the AAO examined the legislative history of the statute. The

AAO determined that the legislative history could not provide much guidance

because, at the time the statute was enacted in 2000, a Form I-140 and a Form I-

485 could not be filed concurrently – an approved Form I-140 petition was required

---

[17] The *Al Wazzan* decision was incorporated into Chapter 20.2(d) of the USCIS Adjudicator's Field Manual ("AFM") on May 30, 2008. *See* Section II.5 of the May 8, 2008 memorandum entitled *Supplemental Guidance Relating to Processing Forms I-140 Employment-Based Immigrant Petitions and I-129 H-1B Petitions, and Form I-485 Adjustment Applications Affected by AC21* (AD08-06), *available at* https://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/Static_Files_Memoranda/Archives%201998-2008/2008/ac21_30may08.pdf. Chapter 20.2(d) of the AFM was updated to read as follows:

> On October 18, 2005, USCIS designated *Matter of Al Wazzan*, A95 253 422 (Jan. 12, 2005) as a USCIS Adopted Decision. This AAO decision established that a petition that is deniable (i.e. not approvable) will not be considered "valid" for purposes of INA 204(j). An unadjudicated Form I-140 petition is not made "valid" merely through the act of filing the petition with USCIS or through the passage of 180 days. **A denied From I-140 petition is also not considered valid regardless of whether the I-140 petition is denied 180 days or more after the filing of the adjustment of status application and regardless of when a request to invoke the portability provision of INA § 204(j) is made.** In order to be considered valid, an I-140 petition must have been filed on behalf of an alien who was entitled to the employment-based classification at the time that the petition was filed, and **therefore must be approved prior to a favorable determination of a portability request made under INA § 204(j)**.

*Id.* at 9 (emphasis added).

[18] With respect to the "canons of statutory instruction," the AAO stated as follows:

> Statutory interpretation begins with the language of the statute itself. *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552 (1990). We are expected to give the words used in the statute their ordinary meaning. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Furthermore, we are to construe the language in question in harmony with the thrust of related provisions and with the statute as a whole. *K Mart Corp. v. Cartier Inc.*, 486 U.S. 281, 291 (1988) (holding that construction of language which takes into account the design of the statute as a whole is preferred); *see also COIT Independence Joint Venture v. Federal Sav. and Loan Ins. Corp.*, 489 U.S. 561 (1989); *Matter of W-F-*, 21 I & N Dec. 503 (BIA 1996).

*Al Wazzan*, 25 I. & N. Dec. at 365.

before a Form I-485 application could be filed. *Id.* at 364. As previously stated, the concurrent filing process that both the *Al Wazzan* applicant and Plaintiff utilized was implemented in July 2002. *Id.* at 360.

The AAO then focused its analysis on the operative statutory language also relevant here: "A petition … shall remain valid with respect to a new job if the individual changes jobs or employers …." INA § 204(j). Because the term "valid" was not defined by the statute, nor was any guidance provided in the Congressional Record, the AAO turned to the ordinary meaning. *Id.* at 364-66.

The AAO ultimately rejected the argument that Congress intended the term "valid" in INA § 204(j) to include "denied or unadjudicated petitions" given that "an *approved* petition was required to file an application for adjustment of status" at the time Congress enacted the statute in question. *Id.* at 366 (emphasis added). As the AAO observed, when Congress enacted the statute, "no alien could assert that a denied or unadjudicated immigrant visa petition 'shall remain valid' through the passage of 180 days" because the Form I-485 "could not be filed until after the petition was approved by USCIS." *Id.* at 365. Congress is presumed to be aware of such regulations when it passes a law. *See Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184-85 (1988).

Finally, the AAO examined the portability provision in light of "the overall design of the nation's immigration laws." *Al Wazzan*, 25 I. & N. Dec. at 366. The AAO noted that INA § 204(b) requires that USCIS approve a Form I-140 petition "only after investigating the facts in each case, determining that the facts stated in

26

the petition are true and that the alien is eligible for the requested classification, and consulting the Secretary of Labor when required."[19] *Id.* Accordingly, allowing an applicant's Form I-140 petition to be made valid "merely through the act of filing the petition with USCIS or through the passage of 180 days" would "subvert the statutory scheme of the U.S. immigration laws." *Id.* at 367.

This Court finds the analysis and reasoning of the AAO in *Al Wazzan* to be correct. To interpret the statute otherwise "would severely undermine the immigration laws of the United States" because a Form I-140 could be deemed "valid" when the petition "was never approved or, even if it was approved, if it was filed on behalf of an alien who was never 'entitled' to the requested visa classification." *Id.* It is "irrational" to believe that "Congress intended to throw out the entire statutorily mandated scheme regulating immigrant visas whenever that scheme requires more than 180 days to effectuate" because this creates a situation where ineligible applicants could gain a "valid" visa by filing "frivolous visa petitions and adjustment applications […] in the hopes that the application might remain unadjudicated for 180 days." *Id.* Plaintiff's proposed interpretation would

---

[19] Section 204(b) states that:

> After an investigation of the facts in each case, and after consultation with the Secretary of Labor with respect to petitions to accord a status under section 203(b)(2) [8 U.S.C 1153(b)(2)] or section 203(b)(3) of this Act [8 U.S.C 1153(b)(3)], the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 201(b) of this Act [8 U.S.C 1151(b)] or is eligible for preference under subsection (a) or (b) of section 203 of this Act [8 U.S.C 1153], approve the petition and forward one copy thereof to the Department of State. The Secretary of State shall then authorize the consular officer concerned to grant the preference status.

lead to clearly unintended practical consequences inconsistent with the purposes of the statute.

Although the Sixth Circuit has not addressed this issue, the AAO's conclusions with respect to INA § 204(j) have been upheld and applied by other federal courts.[20] *See, e.g.*, *Rajasekaran v. Hazuda*, No. 14-3623, 2016 WL 362127, at *3 (8th Cir. Jan. 29, 2016) (Plaintiff was not statutorily eligible to adjust status because he could not port his I-140 since the I-140 was not valid to begin with); *Patel v. Johnson*, 2 F. Supp. 3d 108, 122 (D. Mass. 2014) (affording the AAO's interpretation great deference and finding that applicant could not port a Form I-140 petition terminated in 2008 to a new job in 2009); *Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41, 53 (D.D.C. 2011) ("the Court finds that the Portability Provision preserves the validity of only those I–140 petitions that have been approved"); *George v. Napolitano*, 693 F. Supp. 2d 125, 131 (D.D.C. 2010) ("the Portability Provision requires an *approved* I–140, not simply a pending I–140 Petition");

Like those federal courts, this Court finds no basis to disagree with the AAO's cogent analysis and nothing in the arguments of Plaintiff's Counsel suggests any reason to do so. In short, Section 204(j) simply permits the applicant to change jobs and remain eligible to adjust his or her status without losing the benefit of a

---

[20] In her dissenting opinion to this Circuit's decision in *Patel v. U.S. Citizenship & Immigration Servs.*, 732 F.3d 633 (6th Cir. 2013), the Honorable Martha Craig Daughtrey addressed portability pursuant to INA 204(j). 732 F.3d at 643-45. Although portability is not at issue here, Judge Daughtrey observed that "portability applies only to approved I–140 petitions" and that "Deluxe Inn's [labor certificate] became invalid when the USCIS denied the I–140 application submitted by Deluxe Inn on the basis of inability to pay the proffered salary" therefore "Deluxe Inn's [labor certificate] could not be used to support Comfort Inn's I–140 application because it was no longer valid." *Id.* at 643-44.

28

previously-approved Form I-140 petition so long as the new job is in the same occupational category as the old job.

Here, there is no dispute that both of the Form I-140 petitions filed on Plaintiff's behalf were denied by USCIS – the Deluxe Inn Form I-140 petition was not "valid" in 2010 because it was denied in 2009. Because the Deluxe Inn Form I-140 petition is no longer valid, Plaintiff cannot base the renewal of his Form I-485 application on that petition and consequently, he was not statutorily eligible to renew his Form I-485 application or file a Form I-765 application when he did so. Thus, while Plaintiff's renewal of his Form I-485 application before the immigration judge may have been procedurally allowed, the I-485 application cannot be considered valid or pending without a valid Form I-140 petition to support it. Accordingly, USCIS's decision to deny Plaintiff's Form I-765 application because Plaintiff's "application for adjustment of status to that of lawful permanent resident has been denied and therefore, is no longer pending before USCIS" is patently correct.[21]

---

[21] Plaintiff's brief in response includes a lengthy argument that the USCIS denial of his Form I-765 application violates the *Chenery* doctrine because the USCIS did not address in its denial decision all of Plaintiff's arguments regarding the portability and continued validity of the Deluxe Inn Form I-140 petition. (Dkt. 9, pp. 8-19.) USCIS explained in its decision that there was no approved or pending Form I-485 application and therefore no possibility of approving a Form I-765 application. (*See* Dkt. 5, Ex. G.) USCIS, although the opinion is brief, thus established a rational connection between the lack of any supporting Form I-485 application and the denial of Plaintiff's Form I-765 application. (*See id.*) Because the Court finds that Plaintiff was not statutorily eligible to renew his Form I-485 application and therefore not eligible to file his Form I-765 application, USCIS did not violate the *Chenery* doctrine for failing to address all of Plaintiff's arguments regarding his eligibility for employment authorization.

# V.     CONCLUSION

Accordingly, Defendant's motion to dismiss (Dkt. 5.) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**SO ORDERED.**

Dated:  March 1, 2016

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on March 1, 2016, using the CM/ECF system, which will send notification to all parties.

s/A. Chubb
Case Manager